IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA and PEOPLE OF THE VIRGIN ISLANDS**<br><br>v.<br><br>**JAMES E. CLARKE,**<br><br>Defendant. | INDICTMENT<br><br>Criminal No. 2011 - 04<br><br>18 U.S.C. § 922(q)<br>(Possession of a Firearm in a School Zone)<br><br>14 V.I.C. § 2253 (a)<br>(Carrying of Firearms) |

THE GRAND JURY CHARGES THAT:

### COUNT ONE

On or about January 5, 2011, at St. Thomas, in the District of the Virgin Islands, the defendant,

**JAMES E. CLARKE,**

did knowingly possess a firearm, that is, a Ruger P95 9mm automatic pistol, Serial # 314-90135, that moved in interstate commerce, within a distance of 1000 feet of the grounds of the Ulla Muller Elementary School, a place that the defendant knew and had reason to believe was a school zone.

In violation of Title 18, United States Code, Sections 922(q)(2)(A) and 924(a)(4).



U.S. v. James E. Clarke
*Indictment*
Page 2

---

THE GRAND JURY FURTHER CHARGES THAT:

## COUNT TWO

On or about January 5, 2011, at St. Thomas, in the District of the Virgin Islands, the defendant,

**JAMES E. CLARK,**

did without authority of law, possess a concealed firearm, that is, a Ruger P95 9mm automatic pistol, with a serial number of 314-90135.

In violation of Title 14, Virgin Islands Code, Section 2253(a).

U.S. v. James E. Clarke
*Indictment*
Page 3

## FORFEITURE ALLEGATIONS

Upon conviction of the offense alleged in Count One of this Information, defendant,

**JAMES E. CLARKE,**

shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in the commission of the offenses, including but not limited to the following:

FIREARM OR AMMUNITION

Ruger P95 9mm automatic pistol, with a serial number of 314-90135.

24 Rounds of 9mm ammunition

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 28 U.S.C.§ 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

U.S. v. James E. Clarke
*Indictment*
Page 6

---

U.S. v. James E. Clarke
USAO NUMBER 2011R00012

The Grand Jury returned a TRUE BILL.

RONALD W. SHARPE
UNITED STATES ATTORNEY

By: _____
Ishmael A. Meyers, Jr.
Assistant United States Attorney

DISTRICT OF THE VIRGIN ISLANDS: February 3, 2011

Returned into the District Court by Grand Jurors and filed.

_____
UNITED STATES MAGISTRATE JUDGE

WILFREDO R. MORALES
Clerk of the Court

By: _____
Deputy Clerk